**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 00-6018**

———————————

WILLIAM ALLEN LEGG,

                                      Petitioner - Appellant,

         versus

ATTORNEY GENERAL FOR THE STATE OF MARYLAND,

                                      Respondent - Appellee,

         and

J. FREDERICK MOTZ, Judge; DEBORAH K. CHASANOW,
Judge; WILLIAM M. NICKERSON, Judge; BENSON
EVERETT LEGG, Judge,

                                      Respondents.

———————————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Deborah K. Chasanow, District Judge.  (CA-
99-3114-DKC)

———————————

Submitted:  April 13, 2000        Decided:  April 21, 2000

———————————

Before WIDENER and WILKINS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Dismissed by unpublished per curiam opinion.

William Allen Legg, Appellant Pro Se.  John Joseph Curran, Jr., Attorney General, Susan Renee Steinberg, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William Allen Legg appeals the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1999). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. See Legg v. Motz, No. CA-99-3114-DKC (D. Md. Dec. 22, 1999).[*] We deny all of Legg's outstanding motions, including but not limited to his motions for injunctive relief, discovery, protective custody, a press conference to suppress evidence, and for habeas corpus relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Although the district court's order is marked as "filed" on December 21, 1999, the district court's records show that it was entered on the docket sheet on December 22, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).